Zhuo v. Holder
BIA
Christensen, IJ
A200 922 381

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

Fei Zhuo,
*Petitioner,*

v.                                        13-1253
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Troy Nader Moslemi, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Zhuo, a native and citizen of China, seeks review of a March 13, 2013, order of the BIA, affirming the August 4, 2011, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Zhuo*, No. A200 922 381 (B.I.A. Mar. 13, 2013), *aff'g* No. A200 922 381 (Immig. Ct. New York City Aug. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Zhuo's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to

2

whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Zhou does not contest the presence or materiality of the inconsistency that formed the basis of the adverse credibility determination.  Instead, he contends that the IJ failed to sufficiently probe his explanation that his testimony and application differed because he was nervous.  Thus, Zhuo appears to suggest that he would have proffered a better explanation if asked by the IJ to clarify how his nervousness accounted for the inconsistency, although he does not identify what that better explanation would have been.  The IJ was entitled to reject Zhou's explanation that he was nervous because the explanation would not be compelling to a reasonable fact-finder.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency reasonably determined that Zhou's failure to provide sufficient corroborative evidence – including testimony from his wife, then a resident of the United

3

States – further undermined his credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Zhuo testified that he began dating his wife in China prior to his arrest in 2008 and, therefore, the BIA reasonably determined that her testimony would have been probative. The IJ also reasonably noted that Zhuo's wife would have been able to corroborate his practice of Falun Gong in the United States, even though she was not a Falun Gong practitioner.  *Id.*

As the agency reasonably found that Zhuo failed to establish eligibility for asylum on credibility grounds, it did not err in denying withholding of removal and CAT relief because these claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).  We decline to consider Zhuo's unexhausted challenge to the IJ's consideration of his unauthenticated evidence. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk